UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22459-CIV-COHN/SELTZER
CASE NO. 08-21063-CIV-COHN/SELTZER

ELOY ROJAS MAMANI, et al,

    Plaintiffs,

v.

GONZALO DANIEL SANCHEZ DE
LOZADA SANCHEZ BUSTAMANTE,

    Defendant.
_____

ELOY ROJAS MAMANI, et al.,

    Plaintiffs,

v.

JOSE CARLOS SANCHEZ BERZAIN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Notice of Motion and Motion to Compel Production of Documents Responsive to Plaintiffs' First Set of Requests for Production of Documents to Defendant Jose Carlos Sanchez Berzain [DE 263] (Case No. 07-22459-CIV-COHN) and Plaintiffs' Notice of Motion and Motion to Compel Production of Documents Responsive to Plaintiffs' First Set of Requests for Production of Documents to Defendant Gonzalo Daniel Sanchez de Lozada Sanchez Bustamante [DE 244] (Case No. 08-21063-CIV-COHN). The Court commends the parties on their cooperation in conducting discovery; counsels' professionalism and good faith negotiation during several

meet-and-confer conferences have substantially reduced the matters requiring Court resolution.

This is an action for damages for the alleged extrajudicial killings, crimes against humanity, and wrongful deaths of Bolivian citizens in September and October 2003. See Second Amended Complaint [DE 174] (Case No. 07-22459) and [DE 156] (Case No. 08-21063). Two separate actions have been filed: one against Defendant Gonzalo Daniel Sanchez de Lozada Sanchez Bustamante ("Sanchez de Lozada") and one against Jose Carlos Sanchez Berzain ("Sanchez Berzain") (or collectively "Defendants.") Sanchez de Lozada is the ex-President of Bolivia and Sanchez Berzain is the ex-Minister of Defense of Bolivia. The cases were consolidated for pre-trial purposes [DE 68] (Case No. 07-22459) and [DE 91] (Case No. 08-21063).

The complaints arise from the killings of civilians that occurred during a period of unrest in Bolivia during September and October 2003. Plaintiffs are the survivors of individuals who died during the unrest. They allege that Defendants planned and used unlawful killings and terror as a means of suppressing dissent against Defendant Sanchez de Lozada's plans to export natural gas from Bolivia to the United States and Mexico through Chile. Although the deaths themselves are not disputed, Defendants vehemently contest Plaintiffs' version of events. Defendants contend that the protests and resulting violence were orchestrated by Bolivia's current President, Evo Morales, by union leader Felipe Quispe, and by their followers in response to Sanchez de Lozada's planned coca eradication program to restore Bolivia's reputation and end the exportation of cocaine.

On October 17, 2003, Sanchez de Lozada resigned as President. Both Defendants left Bolivia for the United States, where they currently reside. In October 2004, the

2

Bolivian Congress authorized a "Trial of Responsibilities" to determine the criminal liability of Defendants Sanchez de Lozada and Sanchez Berzain and other top government and military leaders for the deaths and injuries that occurred in September and October 2003. Sanchez de Lozada, Sanchez Berzain, and others were indicted in Bolivia in October 2007. According to the allegations in the Second Amended Complaint, Sanchez de Lozada and Sanchez Berzain were not extradited from the United States and, therefore, did not participate in the Trial of Responsibilities.  However, seven other individuals from the Bolivian military, police, and government were tried and, in a judgment dated August 30, 2011, found guilty of the crime of genocide through mass killings in violation of the Bolivian Penal Code, art. 138.  Defendants assert that Morales' government gave every protestor immunity from prosecution and that the trial against the charged defendants was a "pig-circus."[1] [DE 268, p. 7].

      The disputed discovery requests primarily involve Plaintiffs' requests for documents reflecting agreements and payments made by Sanchez de Lozada to Sanchez Berzain and others who were involved in the Trial of Responsibilities.  Plaintiffs argue that evidence of payments and other agreements could establish bias on the part of Sanchez Berzain, as well as of individuals who had actually testified at the Trial of Responsibilities. Additionally, Plaintiffs contend that evidence of payments made to defendants, witnesses, and individuals who monitored the Trial of Responsibilities will assist Plaintiffs in establishing the admissibility of testimony from that proceeding under Fed. R. Evid. 804(b)(1)(B) (as predecessors in interest to Defendants Sanchez de Lozada and Sanchez Berzain).

---

[1] Bob Dylan, Hurricane (1975).

Defendants object to the relevancy of the contested document requests, as well as the time period for which discovery is sought. Plaintiffs have requested documents from 2003 to the present. Defendants propose limiting the time period for production from 2003 to September 19, 2007– the date these actions were filed. Defendants argue that the incidents at issue in this case occurred in September and October 2003 and that documents created after these cases were filed (with some exceptions) have no bearing on the parties' claims or defenses.

The standard for discovery requests is as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). With that standard in mind, the Court will address each of the contested discovery requests.

**1.    Request No. 1**

Request No. 1 seeks documents "relating to any agreement" between the two Defendants, including "any agreements to indemnify or pay the costs of this litigation or Berzain's asylum application; joint defense agreements; liability-sharing agreements; common-interest agreements; remuneration agreements; compensation agreements; or any agreements to share information."

Defendants have produced Sanchez Berzain's retainer agreements with United States counsel, which they acknowledge contain language responsive to this request.

4

Defendants deny the existence of any additional responsive documents [DE 268, p. 11]. Taking Defendants' representations at face value, the Court find that there is nothing left to compel.  Accordingly, Plaintiffs' motion will be denied as to Request No. 1.

    **2.**    **Request No. 3**

Request No. 3 seeks "[a]ll documents relating to any transfer of funds or other assets or business interests, directly or indirectly or on your behalf, to or from [Sanchez de Lozada] [Sanchez Berzain] or any persons acting on his behalf."  In addition to raising claims of privilege, Defendants objected to this request on the ground that it is not relevant to the claims or defenses in this case.  Nevertheless, Defendants agree that Defendants' retainer agreements with counsel are responsive to the request and that "relevant, non-privileged portions will be produced."  Additionally, Defendants have stated that they are not withholding any responsive documents[2] beyond the retainer agreements [DE 268, p. 12].  Taking Defendants' representations at face value, the Court finds that there is nothing left to compel.  Accordingly, Plaintiffs' motion will be denied as to Request No. 3.

    **3.**    **Request  No. 4**

Request No. 4 seeks "[a]ll Documents relating to any agreement with, or transfer of funds to, any person who attended and/or monitored the Trial and reported or otherwise communicated about the Trial to you or on your behalf."  Defendants objected to this request on the basis of attorney-client privilege and/or attorney work product doctrine.  In

---

[2] Defendants' responses include the "caveat that the search has been reasonably limited to those places where documents responsive to requests to which Defendant does not object may be located" [DE 268, p. 12].  The purpose of this "caveat" is unclear to the Court, but the Court will assume that Defendants and their counsel have acted in good faith to identify responsive documents.

addition, Defendants objected that this Request is not relevant to claims or defenses in this case.  With the understanding that the Request did not define the term "you" to include Defendants' Bolivian counsel, Defendants responded that they are not withholding any non-privileged documents in response to this Request.

Plaintiffs deny that they agreed that the term "you" does not include Bolivian counsel. Indeed, Plaintiffs assert that "payment to Bolivian counsel is the crux of this Request" [DE 263, p. 13].  Plaintiffs claim that they are seeking evidence of payments to individuals who attended, monitored, or reported on the Trial of Responsibilities to show the bias of potential witnesses.  They further state that "Plaintiffs believe de Lozada and/or Berzain's Bolivian counsel was involved in monitoring the Trial and potentially helping shape witness testimony."

The Court finds that Request No. 4 seeks information that is not relevant to the issues in this case.  The Trial of Responsibilities is not at issue in this case.  Rather, the events of September and October 2003 and the identity of those who bear  responsibility for those events are the issues to be decided.  Request No. 4, therefore, is not relevant to the claims or defenses in this case.  Accordingly, Plaintiffs' Motion will be denied as to Request No. 4.

      **4.**    **Request No. 5**

Request No. 5 seeks from each Defendant "[a]ll documents relating to communications from October 17, 2003 to the present between you and any person prosecuted at the Trial, any witness testifying at the Trial, or any legal representative of a defendant or witness at the Trial, including any transfer of funds or other assets or business interests to you or on your behalf, directly or indirectly, to any person prosecuted

by, any witness testifying at, or any legal representative of a defendant or witness at the Trial." The Court finds that Request No. 5 does not meet the standards for discovery set forth in Fed. R. Civ. P. 26(b)(1). The request seeks information that is not relevant to the claims or defenses in the case. To the extent Plaintiffs are seeking evidence of potential witness bias, the request appears to be a "fishing expedition." Defendants have already offered to "produc[e] documents relating to interaction with witnesses at the Trial of Responsibilities, if any, who will testify in the current proceedings" [DE 268, p. 16]. Plaintiffs, however, have rejected that compromise.

The request, as framed, would result in "unnecessarily focusing resources on tangential matters rather than the claims and defenses in the case. To be sure, there are instances where evidence relating to bias must be disclosed. But the . . . records sought here do not fit that mold. . . ." Megdal Assoc., LLC v. La-Z-Boy, Inc., 2016 WL 4503337, at *2 (S.D. Fla. Jan. 29, 2016) (denying a motion to compel evidence of financial payments to establish bias). Accordingly, Plaintiffs' Motion will be denied as to Request No. 5.

    **5.**    **Request No. 19 [to Sanchez de Lozada]**

Request No. 19 seeks "[a]ll Documents relating to Osvaldo Ramirez from August 1, 2002 to the present, including all Documents sent by you to, or received by you from, Osvaldo Ramirez or anyone acting on his behalf." Osvaldo Ramirez was Sanchez de Lozada's attorney in Bolivia. Defendant objected on the ground that the request is not limited in time (covering a period of 14 years), contains no limitation on subject matter, is not limited to any claims or defenses in this action, and is disproportionate to the needs of this case.

7

Plaintiffs explain that these documents are relevant to show whether Defendant Sanchez de Lozada is a successor in interest to those individuals who were prosecuted at trial. Plaintiffs argue that "[i]f Osvaldo Ramirez, acting as Defendant's agent, impacted trial testimony, Defendant may be a successor in interest to the individuals prosecuted at the Trial" [DE 244, p. 18].

The Court finds that Request No. 19 does not meet the standards for permissible discovery under Fed. R. Civ. P. 26.1(b)(1). Nothing in this request is limited to, or even addresses, the claims and defenses in this case. Accordingly, Plaintiffs' motion will be denied as to Request No. 19.

### 6. Request No. 20 [to Sanchez de Lozada]

Request No. 20 seeks "[a]ll Documents relating to Mauricio Balcazar from August 1, 2002 to the present, including all Documents sent by you to, or received by you from, Mauricio Balcazar or anyone acting on his behalf." Mauricio Balcazar is the son-in-law of Sanchez de Lozada. The parties' arguments regarding this request mirror the arguments made to Request No. 19. The Court's analysis is also the same. The Court finds that Request No. 20 does not meet the standards for permissible discovery under Fed. R. Civ. P. 26.1(b)(1). Nothing in this request is limited to, or even addresses, the claims and defenses in this case. Accordingly, Plaintiffs' motion will be denied as to Request No. 20.

### 7. Request No. 36 [to Sanchez de Lozada]

Request No. 36 seeks production of copies of "every page from every passport on which [Defendant Sanchez de Lozada] ha[s] travelled between January 1, 2003 and the present." Defendant has objected to this request on the ground that it is unrelated to any

8

claims or defenses in the case and, furthermore, is overbroad, unduly burdensome, and designed to harass and annoy Defendant.  Plaintiffs argue that Sanchez de Lozada's passport is relevant – by revealing his international travel – to "Defendant's desire to export liquefied natural gas from Bolivia and suppress any dissent" [ DE 244, p. 20].  Plaintiff also argues that Defendant's passport is relevant to evaluating the veracity of Defendant's claims that he left Bolivia at various times during 2003 and was, therefore, not in control of the government or military.

The Court finds that Request No. 36 is overly broad in that the span of time requested far exceeds the claims or defenses in this case.  The Court finds that the copies of Sanchez de Lozada's passport pages from September and October 2003 are relevant to the issue of his control (or lack of control) of the government and the military during those months.   The Court finds that the remainder of Request No. 36 is not relevant to the claims or defenses in this case.  Accordingly, Plaintiffs' motion will be granted in part and denied in part as to Request  No. 36.

### 8. Plaintiffs' Request for Hearing

The Court denies Plaintiffs' request for a hearing on these motions.  The parties have fully and ably briefed the issues, and a hearing would not assist the Court in making its rulings.

### 9. Conclusion

In light of the foregoing discussion, it is hereby

**ORDERED  AND  ADJUDGED** that Plaintiffs' Notice of Motion and Motion to Compel Production of Documents Responsive to Plaintiffs' First Set of Requests for

Production of Documents to Defendant Jose Carlos Sanchez Berzain [DE 263] (Case No. 07-22459-CIV-COHN) and Plaintiffs' Notice of Motion and Motion to Compel Production of Documents Responsive to Plaintiffs' First Set of Requests for Production of Documents to Defendant Gonzalo Daniel Sanchez de Lozada Sanchez Bustamante [DE 244] (Case No. 08-21063-CIV-COHN) are hereby **GRANTED IN PART AND DENIED IN PART.** To the extent that Defendant Sanchez de Lozada's passport from September and October 2003 is in still in existence, copies of pages reflecting international travel during those months will be produced. In all other respects, Plaintiffs' motions are denied.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of June 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF