UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22459-CIV-COHN/SELTZER
CASE NO. 08-21063-CIV-COHN/SELTZER

ELOY ROJAS MAMANI, et al,

    Plaintiffs,

v.

GONZALO DANIEL SANCHEZ DE
LOZADA SANCHEZ BUSTAMANTE,

    Defendant.
_____

ELOY ROJAS MAMANI, et al.,

    Plaintiffs,

v.

JOSE CARLOS SANCHEZ DE LOZADA,

    Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO RESUME DEPOSITION OF DEFENDANT SANCHEZ DE LOZADA

**THIS CAUSE** is before the Court on the Plaintiffs' Motion for Leave to Resume Deposition of Defendant Sánchez de Lozada [DE 282].[1]  Although these consolidated cases were filed in 2007 and 2008, discovery in these cases did not begin until October 2016.  During the pleading stage, two motions to dismiss were filed, both were denied in part, and each denial led to an interlocutory appeal and a stay of discovery.  While the second interlocutory appeal was pending, Plaintiffs moved for and obtained relief from the

---

[1] An identical motion was filed in Consolidated Case No. 08-21063-CIV-JIC.  The motion in that case bears docket entry number [DE 262].

stay for the purpose of deposing Defendant Sánchez de Lozada.  Plaintiffs opted to depose Sánchez de Lozada at that time in order to preserve his testimony in light of his advanced age (he was 84 years old at the time of his deposition).  Sánchez de Lozada sat for two days of deposition (three and one-half hours per day) in May 2015.

In October 2016, the Eleventh Circuit ruled on the second interlocutory appeal; the District Court then lifted the discovery stay and issued a Scheduling Order.  Pursuant to the Scheduling Order, written fact discovery began on November 11, 2016 and deposition discovery began on January 6, 2017.  The parties have been diligently pursuing discovery; the deadline for fact discovery is August 17, 2017.

Plaintiffs now request that Sánchez de Lozada be ordered to provide another seven hours of deposition testimony.  They argue that additional deposition time is necessary because now, near the end of the discovery period, "[t]he details Plaintiffs learned during discovery arm them with a deeper, more textured understanding of th events revolving around Sánchez de Lozada – events that took place in Bolivia nearly fifteen years ago." [DE 303].  In particular, Plaintiffs assert that an additional deposition is necessary because: (1) Sánchez de Lozada was deposed before he filed an Answer; (2) witnesses were disclosed in Defendants' Rule 26.1 disclosures that Plaintiffs did not know about in 2015; (3) Sánchez de Lozada produced certain documents in discovery that Plaintiffs would like to question him about; and (4) with respect to documents that Plaintiffs possessed in 2015, depositions of other witnesses have provided context and details about those documents that Plaintiffs did not have in 2015.  Additionally, Plaintiffs argue that seven additional hours of deposition time is warranted due to the complexity of the case, Sánchez de

Lozada's status as a former head of state, and the fact that Sánchez de Lozada was deposed prior to the commencement of written discovery.

Defendants oppose another deposition of Sánchez de Lozada; they claim that Plaintiffs are seeking a "do-over" of his "deposition without showing any legitimate basis for doing so." [DE 295]. In particular, Defendants note that Plaintiffs have not specified any new area of inquiry or any new document that would warrant a new deposition. They object to subjecting Sánchez de Lozada (who is now 87 years old) to another seven hour deposition and argue that he should not be burdened with another deposition because of Plaintiffs' strategic decision to take his deposition prior to commencement of discovery.

Two rules come in to play in assessing Plaintiffs' request. The first is Rule 30, which limits deposition testimony to seven hours, unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 30(d)(1). Rule 30(d)(2) requires that additional time be permitted "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Rule 30(a)(2)(A)(ii) requires leave of court if the deponent has already been deposed. The second rule is Rule 26, which governs discovery in general. Rule 26(b)(1) sets forth the relevancy standard for discovery. Rule 26(b)(2)(C) sets forth the factors that guide the court's discretion in determining whether to authorize additional depositions: "(1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit." Fed. R. Civ. P. 26(b)(2)(C).

The Court has broad discretion in determining what is fair and equitable in light of the circumstances and the parameters of the rules.  United States v. Prevezon Holdings, Inc., 2017 WL 1116106, at *2 (S.D.N.Y. Feb. 27, 2017).  "Although the decision [to re-open a deposition] is discretionary, courts have generally allowed re-opening a deposition where . . . new information is unearthed only after the initial deposition."  Le v. Diligence, Inc., 312 F.R.D. 245, 246 (D. Mass. 2015). The "new information" that would justify re-opening a deposition is typically information that was not produced until after the deposition, created post-deposition, or involved new parties or claims.  See id. (defendant's maintenance records produced in a supplementary discovery response contained information that was not available to plaintiff's counsel at the time of the deposition); Prevezon Holdings, Ltd., 2017 WL 1116106, at * 2-3 (post-deposition documents produced by a non-party witness raised issues uniquely within the witness' knowledge and thus warranted re-opening deposition); DRFP, LLC v. Republica Bolivariana de Venezuela, 2015 WL 524440, at *2-3 (S.D. Ohio Sept. 9, 2015) (post-deposition production of tens of thousands of documents by defendant justified a second 30(b)(6) deposition of defendant where first deposition occurred ten years earlier and was limited to statute of limitations defense).

The facts in this case do not support a finding that an additional seven-hour deposition is warranted.   Plaintiffs have not identified any specific "new" information that was disclosed after Sanchez de Lozada's deposition.  Rather, Plaintiffs argue that through the discovery process they have developed a better understanding of the events at issue and can more specifically question Sánchez de Lozada about them.  Plaintiffs do not argue that documents were unavailable to them when they took Sanchez de Lozada's deposition. Instead, Plaintiffs contend that witnesses who were subsequently deposed provided details

4

and context to the documents that Plaintiffs possessed in 2015, and that they should be allowed to re-depose Sánchez de Lozada "with the benefit of the information they learned during discovery in this case, which will allow Plaintiffs to present a complete, cogent, and concise case to the jury." [DE 303].   In essence, Plaintiffs assert that the deposition of Sánchez de Lozada would have been different had it been taken near the end of discovery, rather than before discovery commenced.  However, this may be true of any witness who is deposed early in the process.  It was Plaintiffs, not Defendants, who made a strategic decision to depose Sánchez de Lozada before discovery commenced.  And Plaintiffs have not asserted that the deposition was incomplete or limited in scope when it was taken.

Yet, it is also true that this case is factually and legally complex and that Sánchez de Lozado is a unique witness whose testimony is particularly important.  His deposition was taken before Defendants answered the complaint or provided Rule 26.1 disclosures.  Although the timing of the deposition was strategic, and may even have been prudent given Sánchez de Lozado's advanced age, Plaintiffs were in that proverbial hard place in deciding to proceed with the deposition before Defendants had answered or the parties exchanged any discovery.  The Court, therefore, concludes that some additional time is necessary to examine Sánchez de Lozada.  However, another seven hours of deposition far exceeds what the Court deems necessary.  The Court further finds that it is not practicable to limit the subject matter of the deposition, other than to remind counsel of the constraints against cumulative and duplicative discovery in Rule 26(b)(2)(C). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Plaintiffs' Motion for Leave to Resume Deposition of Defendant Sánchez de Lozada [DE 282] and [DE 262] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs may take an additional deposition of Defendant Sánchez de Lozada, not to exceed three hours.  The deposition shall be completed by August 31, 2017.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of August 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF