UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22459-CIV-COHN/SELTZER
CASE NO. 08-21063-CIV-COHN/SELTZER

ELOY ROJAS MAMANI, et al,

    Plaintiffs,

v.

GONZALO DANIEL SANCHEZ DE
LOZADA SANCHEZ BUSTAMANTE,

    Defendant.
_____

ELOY ROJAS MAMANI, et al.,

    Plaintiffs,

v.

JOSE CARLOS SANCHEZ BERZAIN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Compel Production of Documents [DE 279].[1] The Motion arises from Plaintiffs' Response to Defendants' Second Set of Requests for Production of Documents [DE 279-4], which was served on April 13, 2017 [DE 279-3]. Three requests are at issue in this motion:

> **Request No. 28:** All Documents relating to communications between You and the "Asociación de Familiares de Fallecidos y Caídos en Septiembre y Octubre de 2003 por la Defensa del

---

[1] Defendants filed the identical motion in consolidated Case No. 08-21063-CIV-Cohn. The motion in that case bears docket entry number [DE 259]. This Order has been filed in both cases. Docket entry citations refer to Case No. 07-22459-CIV-COHN.

Gas," the "Asociación de Heridos y Afectados de Septiembre y Octubre de 2003 por los Recursos Naturales," or the "Comité Impulsor del Juicio de Responsibilidades a Gonzalo Sánchez de Lozada y sus Colaboradores."

**Response to Request No. 28**: Plaintiffs object to this Request to the extent it calls for communications shielded from production by attorney-client privilege, the work product privilege, Bolivian law, or any other applicable rule, privilege, or law. Plaintiffs also object this Request because it seeks documents that are not in Plaintiffs' possession, custody or control. Subject to, and without waiving the foregoing general and specific objections, Plaintiffs will produce on a rolling basis non-privileged documents in Plaintiffs' possession and responsive to this Request, if any are located.

**Request No. 29**: All Documents relating to communications between the "Asociación de Familiares de Fallecidos y Caídos en Septiembre y Octubre de 2003 por la Defensa del Gas" and current or former members of the Bolivian government.

**Response to Request No. 29**: Plaintiffs object to this Request on the grounds that it is overbroad because the Request has no limitation as to subject matter and is therefore not proportional to the needs of this case. Further it seeks documents that are not in Plaintiffs' possession, custody or control. Subject to, and without waiving the foregoing general and specific objections, Plaintiffs will produce on a rolling basis non-privileged documents responsive to Defendants' Request, if any are located.

**Request No. 30:** All Documents relating to the "Asociación de Familiares de Fallecidos y Caídos en Septiembre y Octubre de 2003 por la Defensa del Gas" in possession, control, or custody of Plaintiff Eloy Rojas Mamani in his role as Vice President thereof.

**Response to Request No. 30**: Plaintiffs object to this Request on the grounds that it is overbroad in that it seeks information about persons who are not party to this action. Moreover Plaintiff Eloy Rojas Mamani has no documents in his possession due to his role as Vice President. Subject to, and without waiving the foregoing general and specific objections, Plaintiffs will produce on a rolling basis non-privileged

documents responsive to Defendants' Request, if any are located.

I.     BACKGROUND

This is an action for wrongful death and claims under the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350, arising from a period of unrest in the country of Bolivia during September and October 2003. Defendants are the former President and the former Defense Minister of Bolivia. Plaintiffs are family members of persons who died during the unrest.

The Asociación de Familiares de Fallecidos y Caídos en Septiembre y Octubre de 2003 por la Defensa del Gas [the "Association of Relatives of the Deceased and Fallen in September and October 2003 for the Defense of the Gas"] was formed by Bolivians who lost family members in the unrest. The Association investigated the events of September and October 2003 and lobbied the Bolivian government on behalf of its members. The Association is a legal entity in Bolivia with a formal officer structure, including President or Chairman, Vice-President or Deputy Chairman, Treasurer, and Secretary. Plaintiff Eloy Rojas Mamani ("Mamani) served as the Association's Vice-President from 2005 to 2009. The discovery requests in question pertain to documents that belong to the Association.

In his deposition, Mamani testified that the Association's documents and records are maintained in a file in the Association's office in Bolivia [DE 279-9, p. 171]. He further stated that the leaders of the Association "are in charge of the documents. Nobody else can have them. When we occupy a position of leadership we have those documents under our care. Once we leave that position of leadership, we have to deliver the documents." [DE 279-9, pp. 172-73]. The parties dispute whether Mamani ever had the Association's

3

documents in his physical possession: Defendants argue that he did, while Plaintiffs represent that he did not. In his deposition, Mamani testified that if he wanted to look at the Association's documents today, he could, by asking the president of the Association.[2]

## II.     DEFENDANTS' MOTION

Defendants argue that Mamani is obligated to produce documents belonging to the Association because he had "possession, custody, and control of the Association documents" when this action was filed in 2007 by virtue of his position as the Association's vice-president. They contend that Mamani had an obligation to preserve documents in light of the litigation and that he currently has the obligation to produce them. Defendants further argue that the Association's documents are under the possession, custody, and control of Mamani because he testified that if he wants to look at the documents he simply needs to ask the Association's current president. Finally, Defendants argue that Mamani waived his objection to producing Association documents because he never raised lack of possession, custody, or control of the documents in a personal capacity in his response to Defendants' Request for Production.

---

[2]
Q.    While you were a leader of the organization, did you have access to the documents?
A.    I had.
Q.    If you wanted to look at one of those documents now, could you go look at one of the documents now?
A.    To look?
Q.    Yeah. Could you go look at them now?
A.    Yes, I could.
Q.    Who would you ask to see them?
A.    To the president of the association. [DE 279-9, pp. 173-74].

III. ANALYSIS

The crux of this dispute is the definition of "possession, custody, or control" under Fed. R. Civ. P. 34(a)(1). The problem lies in the fact that Defendants are requesting Mamani, an individual, to produce documents that belong to the Association, a separate legal entity. As the requesting party, Defendants bear the burden of establishing that the documents are under Mamani's possession, custody, or control. See, Siegmund v. Xuelian, 2016 WL 1359595, at *2 (S.D. Fl. Apr. 5, 2016) (Gayles, D.J.).

"The Eleventh Circuit defines control 'not only as possession, but as the legal right to obtain the documents requested upon demand.'" Id. (quoting Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). For example, "under this principle, discovery can be sought from one corporation regarding materials that are in the physical possession of another, affiliated corporation." Costa v. Kerzner Internat'l Resorts, Inc., 277 F.R.D. 468, 471 n.1 (S.D. Fla. 2011) (citations omitted). Thus, a corporation that shares financial and operational interactions with an affiliate can be required to produce responsive documents that are in the possession, custody, or control of the affiliate. Id. at 472. Likewise, a bank customer is considered to have control over the bank's records relating to his account. Luellen v. Hodge, 2014 Wl 1315317, at * 6 (W.D.N.Y. Mar. 28, 2014).

Defendants contend that Mamani had actual physical possession of the Association's documents during his tenure as Vice-President and, in light of the fact that this lawsuit had been filed during his tenure, had an obligation to maintain those documents for production in this action. Plaintiffs dispute the physical possession argument. From his testimony it appears that during his tenure as Vice-President, Mamani had custodial rights and responsibilities over the Association's documents. But nothing in

5

the record establishes that Mamani had actual physical possession of the Association's documents.

Even assuming that Mamani did have custodial rights and responsibilities (or even physical possession) over the Association's documents from 2005 to 2009 while he served as Vice-President, it does not follow that Mamani <u>personally</u> has an obligation to produce those documents in 2017, especially when he has testified that he does not possess any responsive documents. Defendants cite a number of spoliation cases, but make no allegations that the Association's documents have been destroyed.[3] Rather, Defendants argue that Mamani had a duty to keep documents that were not his so that they could be produced by him in this litigation. This argument presupposes that Mamani has maintained control over the Association's documents. Judge Gayles rejected an identical argument in <u>Siegmund</u>, 2016 WL 1359595, at *2-3, n.1 (former corporate directors could not be compelled to produce documents "from a corporation over which they no longer have control"). Indeed, Mamani testified that the Association's leaders "are in charge of the documents. Nobody else can have them. When we occupy a position of leadership we have those documents under our care. Once we leave that position of leadership, we have to deliver the documents." [DE 279-9, pp. 172-73]. Clearly, once Mamani left his leadership position with the Association, he no longer had custodial responsibility for the documents. Mamani cannot be compelled to produce the Association's documents when he no longer has control over them.

---

[3] Defendants seek the Association's documents from Mamani in lieu of seeking the documents directly from the Association in Bolivia.

Defendants argue that Mamani's ability to ask the Association's President for permission to look at the Association's documents is tantamount to "control" over the documents. The Eleventh Circuit has defined "control" as possession, as well as "the legal right to obtain the documents requested upon demand." Searock, 736 F.2d at 653. "But 'even under the most expansive interpretation of "control," the "practical ability" to demand production <u>must be accompanied by a similar ability to enforce compliance with that demand.</u>'" Siegmund, 2016 WL 1359595, at *3 (quoting Klesch & Co. v. Liberty Media Corp., 217 F.R.D. 517, 520 (D. Colo. 2003). "A former director's apparent ability to request documents from his former corporation (or from the appropriate custodian at the corporation) is not the same as the **right** to obtain those documents upon demand or the ability to enforce compliance with that demand." Siegmund, 2016 WL 1359595, at *3 (emphasis in original). Thus, Mamani can be compelled to produce only documents that he has the "legal right" to obtain "upon demand" with the "ability to enforce compliance with that demand." Id. Defendants have not established that Mamani has those rights.

Finally, Defendants have not established any "waiver" by Mamani in failing to object to production of the Association's documents. Mamani responded that he did not have responsive documents. This is a clear and appropriate response. No waiver occurred.

Accordingly, in light of the foregoing discussion, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Production of Documents [DE 279] [DE 259, 08-21063-CIV-COHN] is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of August 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF