UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ELOY ROJAS MAMANI, *et al.*, | Case No. 08-21063-CV-COHN |
| Plaintiffs, | |
| v. | ▮▮▮▮▮▮▮▮▮▮ |
| GONZALO DANIEL SÁNCHEZ DE LOZADA SÁNCHEZ BUSTAMANTE, | |
| Defendant. | |
| ELOY ROJAS MAMANI, *et al.*, | Case No. 07-22459-CV-COHN |
| Plaintiffs, | |
| v. | |
| JOSÉ CARLOS SÁNCHEZ BERZAÍN, | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO RESUME DEPOSITION OF DEFENDANT SÁNCHEZ DE LOZADA**

**I.   INTRODUCTION**

On July 20, 2017, Plaintiffs sought leave to resume the deposition of Defendant Sánchez de Lozada and filed an accompanying Memorandum of Law ("Mem.").[1]  On July 26, 2017, Defendants opposed.  Dkt. 273 ("Opp.").  Pursuant to the Court's Order on July 27, 2017, Dkt. 275, Plaintiffs submit this Reply memorandum.

---

[1] Plaintiffs filed their motion and Memorandum of Law in both related matters referenced in the caption above:  No. 08-21063 (Sánchez de Lozada) [Dkt. 262] & No. 07-22459 (Sánchez Berzaín) [Dkt. 282].  Plaintiffs' sealed filings and notice of electronic filing in each case were served on Defendants on July 20, 2017.  For ease of reference, all citations to the docket contained herein will refer to Case No. 08-21063.

1

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

Plaintiffs' position in this dispute is straightforward. Over the past several months, Plaintiffs have discovered many details about this case that they did not have before. Defendants acknowledge that new information—such as the identity of witnesses—has been revealed, Opp. at 16, but seek to deny Plaintiffs the opportunity to depose Sánchez de Lozada about that new information. This is not a case where Plaintiffs unwisely scheduled a key deposition early in the discovery process and now, belatedly, seek another shot. With the Court's permission, a preliminary, protective deposition was held in 2015 because of this key witness's age and the exceptional duration of the litigation. Plaintiffs' request to continue Sánchez de Lozada's deposition is squarely within Federal Rules 26(b)(1) and (2). Defendants oppose Plaintiffs' motion on two primary grounds: (1) an alleged procedural violation, and (2) Defendants' belief that discovery has not provided sufficient new information.

Defendants first boldly accuse Plaintiffs of failing to meet and confer in good faith. According to Defendants, Plaintiffs "unilaterally cut off the meet-and-confer process." Opp. at 7, 9, 11. That is not true. When it became clear that the parties would not reach an agreement, Plaintiffs promptly informed Defendants as much. Defendants did not respond in the nearly two weeks between that email and the filing of the motion. In fact, Defendants' Opposition is the first assertion from Defendants that this issue is not ripe for the Court's review.

On the merits, Defendants primarily fault Plaintiffs for failing to identify discrete topics warranting a second deposition. But Plaintiffs do not contend that only some set of discrete topics warrant further deposition time. Fact discovery, as is typical in any litigation, has provided Plaintiffs with details about topics of which they otherwise hardly knew, or had not fully developed in 2015.

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

II.   ARGUMENT

A.   **Plaintiffs Did Not Short-Circuit The Meet And Confer Process.**

Rather than addressing the merits, Defendants begin by accusing Plaintiffs of failing to meet and confer in good faith. That argument is baseless.

Plaintiffs raised this dispute via a June 28, 2017 correspondence seeking a stipulation that would allow them to depose Sánchez de Lozada in view of the broad discovery they have received in this case. *See* July 26, 2017, Decl. of Ana C. Reyes ("Reyes Decl."), Ex. A. Plaintiffs sought to depose Sánchez de Lozada about that "voluminous information." *Id.* at 1. Defendants responded on July 6, 2017, asking Plaintiffs to identify new topics and documents about which Plaintiffs wanted to question Sánchez de Lozada. Reyes Decl., Ex. B. Plaintiffs could not limit the topics of the deposition in advance and promptly responded to Defendants the very next day, indicating their belief that the parties' positions were irreconcilable and that they would move the Court the week of July 17. Reyes Decl., Ex. C. *Defendants did not respond*.

Now, Defendants would have the Court believe that Plaintiffs cut off all communication with Defendants. *See, e.g.*, Opp. at 7. But Plaintiffs did not "unilaterally cut off" the process. Plaintiffs did not refuse to answer Defendants' calls or respond to Defendants' emails. *Defendants did not make any calls or send any emails about this issue*. In the nearly two weeks before Plaintiffs filed their motion, Defendants never alleged bad faith or communicated that this dispute was not ripe for the Court's resolution, even though the parties were regularly discussing other discovery issues. Defendants did not even mention their contention on July 17, 2017, when the parties discussed the need to seal *this very* motion. *See* Aug. 1, 2017 Decl. of Jason Weil ("Weil Decl."), Ex. A, E-mail from Salgado to Schulman (July 17, 2017). Plaintiffs filed their motion on July 20, 2017.

3

**THIS DOCUMENT IS A CONFIDENTIAL FILING.
ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.
REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

On July 26, 2017, Defendants responded to Plaintiffs' motion, alleging for the first time that Plaintiffs failed to meet and confer in good faith. Defendants rely primarily on *Royal Bahamian Ass'n v. QBE Insurance Corp.* as support for their position. 744 F. Supp. 2d 1297 (S.D. Fla. 2010). But Defendants cannot seriously contend that the parties' three communications here, followed by nearly two weeks of silence from Defendants (aside from responding to Plaintiffs' request to file under seal) while Plaintiffs prepared their motion is the same as "[s]ending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel." *Id.* at 1299 n.2. Nor is this situation similar to *Kierra v. Berry*, where it does not appear the parties conferred *at all*. *See* 2013 WL 5416900, at *1 n.1 (S.D. Fla. Sept. 26, 2013).[2]

Defendants also claim that had the meet and confer process continued, the parties could have reached agreement. That is simply untrue. As is clear in the briefing, the parties fundamentally disagree as to the necessary scope of a further deposition. *Compare* Opp. at 20 *with infra* § II.B. Here, the totality of discovery occurred after the 2015 deposition. Defendants knew that. In light of the situation in **this case**, Plaintiffs were not willing to agree to limitations on the scope of the deposition. Accordingly, rather than drag out the meet and confer process to discuss options that Plaintiffs knew—and Defendants should have known—were unacceptable, Plaintiffs promptly indicated their belief that the parties were at an impasse.[3]

---

[2] Courts in this district have upheld much more limited contact as sufficient to satisfy Local Rule 7.1. *See Alequin v. Darden Rests.*, 2013 WL 3939373, at *10 (S.D. Fla. July 12, 2013) (distinguishing *Royal Bahamian* and concluding that while "less than ideal," there was no violation of Local Rule 7.1 when a "full business day passed between the email and the filing").

[3] Throughout fact discovery the parties have worked diligently to resolve disputes without Court intervention where possible. The Court previously commended both parties for their good faith efforts to meet and confer during discovery in this case. *See* Dkt. 253 at 1-2. Defendants' allegations here fly in the face of the parties' established course of conduct.

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

In sum, Plaintiffs raised the subject of this motion with Defendants. Defendants responded with their position. Plaintiffs asserted that the parties' positions were irreconcilable, and Defendants did not disagree. Plaintiffs have met their obligation to meet and confer.

### B. Plaintiffs Are Entitled To Resume The Deposition Of Sánchez de Lozada In Light Of The Discovery He Has Provided

Turning to the merits of Plaintiffs' motion, Defendants argue that Plaintiffs have not identified sufficient information to warrant a further deposition of Sánchez de Lozada. Defendants stress that his initial deposition was not restricted to particular subject matters. Opp. at 4-5. What Defendants fail to grasp, however, is that Sánchez de Lozada's initial deposition, intended to preserve evidence *before discovery,* was limited by the absence of any discovery as to his defenses, witnesses, and documents produced in this case. Indeed, at the time he was deposed, the former President had not yet even answered Plaintiffs' Complaint.

Defendants first belabor the obvious: witnesses are usually deposed once per litigation. *See* Opp. at 8 (*citing* 8A Wright, Federal Practice and Procedure § 2104 (3d ed. Rev. 2017)). Plaintiffs certainly do not dispute this general proposition. But it is equally true that witnesses are usually deposed *during* discovery, not before. Indeed, no other witness in this case has yet been deposed more than once, or before the start of fact discovery.

Of course, the single-deposition rule is not unbending; the decision to permit a second deposition is to be made on a case-by-case basis. *See* Wright, § 2104 p. 492, n.14 (3d Ed. 2010) (collecting cases); *see also Procaps S.A. v. Patheon Inc.*, 2015 WL 2090401, at *4 (S.D. Fla. May 5, 2015). Every factor here counsels in favor of resuming the deposition of Sánchez de Lozada.[4] Denying Plaintiffs' motion would ratify the inequitable (and unnecessary) choice

---

[4] Defendants agree Federal Rules of Civil Procedure 26(b)(1) and (2) govern the analysis, but draw some unclear distinction between the standards for granting additional deposition time

5

THIS DOCUMENT IS A CONFIDENTIAL FILING.
ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.
REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.

Defendants seek to impose on Plaintiffs—take a pre-discovery deposition without the full range of information developed during discovery, or wait and risk having no deposition at all.

Defendants give short shrift to Plaintiffs' arguments as to why they need to depose Sánchez de Lozada now, but Plaintiffs' arguments are not so easily dismissed. For example, as Plaintiffs explained, Mem. at 4, 11-12, Defendants identified witnesses on their subsequent initial disclosures that Plaintiffs did not know about in 2015. Defendants' response here is simply, "[s]uch is the nature of taking a pre-discovery deposition." Opp. at 16. Yet Plaintiffs took that deposition not as a strategic choice to gain an early advantage, but solely to preserve evidence in the event Sánchez de Lozada became unavailable. Apparently, Defendants *agree* they have revealed new information—they simply do not want Plaintiffs to take discovery on it because of Plaintiffs' "choice" to take an "early deposition."[5] *Id.*; *see also* Reyes Decl., Ex. B. The equitable outcome is to permit Plaintiffs to elicit full and fair testimony from Sánchez de Lozada.

Defendants primarily argue that neither the documents produced by Sánchez de Lozada, nor the testimony elicited from other witnesses (including those subsequently identified in his Initial Disclosures) supports a further deposition. But Defendants again miss, or ignore, Plaintiffs' point. The broad facts and issues in this case are completely intertwined, with Sánchez de Lozada at the center of nearly every one. The details Plaintiffs learned during discovery arm them with a deeper, more textured understanding of the events revolving around Sánchez de Lozada—events that took place in Bolivia nearly fifteen years ago.

---

and for granting an additional deposition. Opp. at 8 n.8. In any event, both situations require the Court to grant leave so long as the request is consistent with Rules 26(b)(1) and (2). *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) and 30(d)(1).

[5] Defendants also note the Court did not include authorization to take Sánchez de Lozada's second deposition in its 2015 Order. Opp. at 4. This is unsurprising given the situation that necessitated the deposition—the potential that the witness might be unavailable later. He is available and Plaintiffs' request is now properly before the Court.

6

**THIS DOCUMENT IS A CONFIDENTIAL FILING.
ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.
REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

For example, in their opening brief, Plaintiffs referred to ▮▮▮▮ testimony related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and Sánchez de Lozada's related 2015 testimony. *See* Mem. at 13. That is merely one example of added detail Plaintiffs would have followed up on with Sánchez de Lozada based on his testimony in 2015. ▮▮▮▮ also testified about the circumstances surrounding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[6] *See* Weil Decl., Ex. B., ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. at 135:22-155:23. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 153:20-154:8. Shortly after ▮▮▮▮ deposition, Defendants added Gen. Antezana to Defendants' Initial Disclosures. Plaintiffs also deposed Guido Romulo Meruvia Gutierrez, the former Vice Minister of Labor in Sánchez de Lozada's administration. Mr. Meruvia testified that around the same time ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Mr. Meruvia delivered letters, allegedly signed by Sánchez de Lozada, to several union leaders in an effort to avoid conflict. *See, e.g.*, Weil Decl., Ex. C, July 14, 2017 G. Romulo Meruvia Gutierrez Dep. Tr. at 68:12-70:18, 107:9-20, 108:9-22, 109:7-21. Plaintiffs simply were unable to fully examine Sánchez de Lozada about these events, occurring in his central command, without the testimony they have since elicited.

Defendants also argue that Plaintiffs already knew the testimony of some witnesses before Sánchez de Lozada's 2015 deposition because those witnesses testified at the Trial of Responsibilities in Bolivia. But several of the witnesses did *not* testify there, including co-defendant Carlos Sánchez Berzaín, who Plaintiffs will depose on August 16 and 17, 2017. The

---

[6] To be clear, Plaintiffs already possessed a copy of this report in 2015. However, Plaintiffs did not have the context provided by ▮▮▮▮.

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

information Plaintiffs had in 2015 based on the Trial of Responsibilities was informative, but insufficient to replace the additional discovery Plaintiffs took in this case.[7]

In 2015, Plaintiffs also lacked information related to the role of several former U.S. government employees who Defendants identified in their initial disclosures as individuals likely to have discoverable information. Rule 26(b)(2)(C)(i) instructs the Court to determine whether the discovery is obtainable from another source. *See also Payan v. UPS*, 2015 WL 3397943, at *2 (D. Utah May 26, 2015). As Plaintiffs explained, Mem. at 4 n.2, 11-12, the U.S. government is likely to restrict these witnesses' testimony. Accordingly, Sánchez de Lozada might be the *only* source available to identify whatever discoverable information those witnesses have.

Defendants then take the polar opposite approach with respect to witnesses like Beatriz Bedoya. While arguing that the identification of the U.S. government employees does not support a further deposition because they have not yet testified, Defendants claim that because Plaintiffs deposed Ms. Bedoya they need not ask Sánchez de Lozada about the same issues.[8] Again, this ignores the fact that Plaintiffs, with the benefit of discovery, now better understand the events and can more specifically question Sánchez de Lozada about them. Unlike, for example, written interrogatories, questions at a deposition can follow up on a witness's answers incorporating facts learned throughout discovery (which Plaintiffs could not do at the 2015 deposition). *See Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 335 (S.D. Tex. 2012).

---

[7] Defendants' encouragement that Plaintiffs rely on information from the Trial of Responsibilities is peculiar in light of their recent characterization of that proceeding as tangential and a "politically motivated foreign proceeding in which Defendants were not parties and which lacked guarantees of due process." Dkt. 255 at 6, 13.

[8] Defendants absurdly accuse Plaintiffs of "fail[ing] to note they have since *deposed her* and elicited any relevant testimony from her." Opp. at 17 (emphasis in original). Plaintiffs did not fail to note anything. Plaintiffs cited Ms. Bedoya's testimony and included it as an exhibit in their opening memorandum. *See* Mem. at 11. Plaintiffs seek to depose Sánchez de Lozada about information they learned from witnesses like Ms. Bedoya.

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

Defendants spill much ink criticizing Plaintiffs for failing to identify any documents not available to them in 2015. Defendants are correct that Plaintiffs had some key documents prior to Sánchez de Lozada's 2015 deposition. But since then, Sánchez de Lozada has himself produced those documents, indicating he too has the belief the documents are responsive to Plaintiffs' requests. Plaintiffs' main point, however, is that they have now had an opportunity to ask other witnesses about those documents. Mem. at 12. And those witnesses have provided details and context to those documents—context Plaintiffs did not have in 2015 when reviewing the documents cold. *Id.* For example, Plaintiffs questioned ▮▮▮▮ about a letter from Sánchez de Lozada to General Flores (DEF195-197). *See* Weil Decl., Ex. D, ▮▮▮▮ at 78:2-18; 83:4-11; 85:7-21. ▮▮▮▮. *Id.* at 83:4-11, 85:7-24. Defendants note that Plaintiffs pre-marked a copy of that letter before Sánchez de Lozada's 2015 deposition but then did not use the document. Opp. at 15. The fact that Plaintiffs did not ask him about the document is not because of their "choice" or "neglect," *see id.* at 18, but a function of the fact they had to depose him early without the benefit of discovery.

Defendants contend that allowing a further deposition of Sánchez de Lozada would open up every witness who testified early in discovery to multiple depositions. That generalization has no bearing on the facts of this case, where Plaintiffs were forced by unusual circumstances to depose the most important witness in the case before discovery had even begun because of the urgent need to preserve his testimony. Given the importance of Sánchez de Lozada to this case, Plaintiffs should be allowed to take this deposition now.

The case law also supports extending Sánchez de Lozada's deposition to greater than the seven hours already allotted. As noted above, *supra* note 4, the Court also looks to Rules

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

26(b)(1) and (2) to determine whether a deposition longer than seven hours is warranted. As Plaintiffs explained, Sánchez de Lozada is the main witness in this case, and is at the heart of Plaintiffs' allegations. Defendants attempt to distinguish the facts of the cases Plaintiffs rely on, *see* Opp. at 19, but Defendants' distinctions miss the courts' underlying motivation in those cases: a longer deposition was necessary for the deposing party to acquire full and complete testimony based on the breadth and depth of the witness's knowledge. *See* Mem. at 14-15.

At bottom, aside from citing his age, Defendants have not presented any reason why the requested deposition is overly burdensome. Plaintiffs are in this situation not through any fault of their own, but based on the facts of life and the extraordinary circumstances of this litigation. Plaintiffs have the right to depose Sánchez de Lozada with the benefit of the information they learned during discovery in this case, which will allow Plaintiffs to present a complete, cogent, and concise case to the jury. Due to the nature of the information uncovered during fact discovery—and given Sánchez de Lozada's central role in the events at issue—another deposition cannot be effectively restricted to specific subject matters. If the Court feels a further deposition does need to be restricted, the only realistic way is to set a temporal limit. Of course, Plaintiffs are willing to proceed with any reasonable accommodations, just as they did in 2015.

### III. CONCLUSION

The Court should grant Plaintiffs' request for leave to depose Sánchez de Lozada.

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

Dated: August 1, 2017
Miami, Florida

Respectfully submitted,

By*:*   */s/ Ira J. Kurzban*
Ira J. Kurzban (Fla. Bar No. 225517)
KURZBAN KURZBAN WEINGER TETZELI AND PRATT P.A.
Plaza 2650
2650 SW 27th Avenue, 2nd Floor
Miami, FL  33133
Tel: (305) 444-0060
Fax: (305) 444-3503
E-mail: ira@kkwtlaw.com


*Counsel for Plaintiffs*

**THIS DOCUMENT IS A CONFIDENTIAL FILING.
ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.
REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

*Counsel for Plaintiffs*

| | |
|---|---|
| Ira J. Kurzban<br>KURZBAN KURZBAN WEINGER TETZELI<br>　AND PRATT P.A.<br>Plaza 2650<br>2650 SW 27th Avenue, 2nd Floor<br>Miami, FL 33133<br>Tel: (305) 444-0060<br>Fax: (305) 444-3503<br>Email: ira@kkwtlaw.com | Steven H. Schulman (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue NW<br>Washington, DC 20036<br>Tel: (202) 887-4000<br>Fax: (202) 887-4288<br>E-mail: sschulman@akingump.com |
| Judith Brown Chomsky (*pro hac vice*)<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>Post Office Box 29726<br>Elkins Park, PA 19027<br>Tel: (215) 782-8367<br>Fax: (215) 782-8368<br>E-mail: judithchomsky@icloud.com | Jennifer L. Woodson (*pro hac vice*)<br>Saurabh Sharad (*pro hac vice*)<br>Christine D. Doniak (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745<br>Tel: (212) 872-1000<br>Fax: (212) 872-1002<br>E-mail: jwoodson@akingump.com<br>E-mail: ssharad@akingump.com<br>E-mail: cdoniak@akingump.com |
| Beth Stephens (*pro hac vice*)<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>666 Broadway<br>Seventh Floor<br>New York, NY 10012<br>Tel: (212) 614-6431<br>Fax: (212) 614-6499<br>E-mail: beth.stephens@rutgers.edu | Edward A. Woods (*pro hac vice*)<br>Mariya Hutson (*pro hac vice*)<br>Jonathan Slowik (*pro hac vice*)<br>Zak Franklin (*pro hac vice*)<br>Daniela Spencer (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067<br>Tel: (310) 229-1000<br>Fax: (310) 229-1001<br>E-mail: ewoods@akingump.com<br>E-mail: mhutson@akingump.com<br>E-mail: jpslowik@akingump.com<br>E-mail: zfranklin@akingump.com<br>E-mail: dspencer@akingump.com |
| David Rudovsky (*pro hac vice*)<br>KAIRYS, RUDOVSKY, MESSING &<br>FEINBERG LLP<br>718 Arch Street, Suite 501 South<br>Philadelphia, PA 19016<br>Tel: (215) 925-4400<br>Fax: (215) 925-5365 | Rubén H. Muñoz (*pro hac vice*)<br>Jason Weil (*pro hac vice*)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA 19103<br>Tel: (212) 965-1328 |

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

| | |
|---|---|
| E-mail: drudovsk@law.upenn.edu | Fax: (215) 965-1210<br>E-mail: rmunoz@akingump.com<br>E-mail: jweil@akingump.com |
| Jeremy F. Bollinger (*pro hac vice*)<br>Moss Bollinger LLP<br>15300 Ventura Blvd., Suite 207<br>Sherman Oaks, California 91403<br>Tel: (310) 982-2984<br>Fax: (310) 861-0389<br>Email: jeremy@mossbollinger.com | Paul Hoffman<br>SCHONBRUN, SEPLOW,<br>HARRIS & HOFFMAN, LLP<br>723 Ocean Front Walk<br>Venice, CA 90201<br>Tel: (310) 396-0731<br>Fax: (310) 399-7040<br>E-mail: hoffpaul@aol.com |
| Tyler R. Giannini (*pro hac vice*)<br>Susan H. Farbstein (*pro hac vice*)<br>INTERNATIONAL HUMAN RIGHTS<br>CLINIC, Human Rights Program<br>Harvard Law School<br>Pound Hall 401, 1563 Massachusetts Avenue<br>Cambridge, MA 02138<br>Tel: (617) 495-9362<br>Fax: (617) 495-9393<br>E-mail: giannini@law.harvard.edu | |

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, I electronically filed the foregoing document and exhibits attached thereto with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document and exhibits attached thereto are being served this day on counsel of record on the attached Service List, either via transmission of Notice of Electronic Filing generated by CM/ECF or via e-mail.

                                                    /s/ Ira J. Kurzban            
                                                    Ira J. Kurzban

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**

## SERVICE LIST

Ana C. Reyes
Stephen D. Raber
James E. Gillenwater
Suzanne M. Salgado
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000
(202) 434-5029 (facsimile)
areyes@wc.com
sraber@wc.com
jgillenwater@wc.com
ssalgado@wc.com

Evan B. Berger
BECKER & POLIAKOFF, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
(954) 364-6055
(954) 985-4176 (facsimile)
eberger@bplegal.com

**THIS DOCUMENT IS A CONFIDENTIAL FILING.**
**ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER.**
**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER; FILED ON PUBLIC DOCKET.**