UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22459-CIV-COHN/SELTZER
CASE NO. 08-21063-CIV-COHN/SELTZER

ELOY ROJAS MAMANI, et al.,

    Plaintiffs,

v.

JOSÉ CARLOS SÁNCHEZ BERZAÍN,

    Defendant in No. 07-22459,

GONZALO DANIEL SÁNCHEZ DE
LOZADA SÁNCHEZ BUSTAMANTE,

    Defendant in No. 08-21063.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALLOW TESTIMONY AT TRIAL BY VIDEOCONFERENCE, OR IN THE ALTERNATIVE, TO ALLOW TRIAL DEPOSITIONS

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Allow Testimony at Trial by Videoconference, or in the Alternative, to Allow Trial Depositions [DE 393 in Case No. 07-22459; DE 369 in Case No. 08-21063] ("Motion").  The Court has carefully considered the Motion, Defendants' Response and Plaintiffs' Reply, the parties' related submissions, the arguments of counsel at a hearing held on February 16, 2018, and the record in these cases, and is otherwise advised in the premises.  Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Allow Testimony at Trial by Videoconference, or in the Alternative, to Allow Trial Depositions [DE 393 in Case No. 07-22459; DE 369 in Case No. 08-21063] is **GRANTED in part and DENIED in part** as follows:

1.	Plaintiffs' Motion is **DENIED** insofar as it requests that the Court permit the use of videoconference testimony at trial.  For the reasons stated on the record at the hearing on the Motion, Plaintiffs have failed to show "good cause in compelling circumstances" for allowing the testimony by contemporaneous videoconference of any Bolivian witnesses at trial.  See Fed. R. Civ. P. 43(a).

2.	The Court will, however, **GRANT in part** Plaintiffs' Motion and permit videoconference trial depositions to be taken of certain of Plaintiffs' Bolivian witnesses.  Specifically, based on Plaintiffs' representations at the hearing on the Motion, the Court will permit the video conference depositions of the following four witnesses, pursuant to the procedures set forth in this Order: Luis Alfredo Castaño Romero, Wilson Gonzalo Soria Paz, Edwin Aguilar Vargas, and Waldo Albarracín.  If any of these four witnesses obtain a visa prior to **Wednesday, February 21, 2018** to appear in-person at the trial of these cases, then Plaintiffs may take the video conference deposition of Juan Carlos Pari in lieu of any of the four witnesses listed above who has obtained a visa by that date.  These depositions shall be conducted as follows:

   a. The depositions shall take place no earlier than **Wednesday, February 21, 2018**, and no later than **Friday, February 23, 2018** in **Quito, Ecuador**;

   b. Each party is limited to one and a half hours of questioning per witness, with Plaintiffs permitted to divide their time between direct and re-direct examination, and Defendants permitted one and a half hours for cross examination;

    c. Plaintiffs shall be responsible for the transportation of witnesses to an appropriate location in Quito, Ecuador for the depositions and shall confer with Defendants' counsel regarding the times for the depositions; and

    d. Plaintiffs shall pay the travel costs for one of Defendants' attorneys.

3. Except as specifically provided above, Plaintiffs' Motion to Allow Testimony at Trial by Videoconference, or in the Alternative, to Allow Trial Depositions [DE 393 in Case No. 07-22459; DE 369 in Case No. 08-21063] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of February, 2018.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF